UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KARL DIBBLE, *et al.*,

                        Plaintiffs,

    - against -

DAVID SCHROEDEL, *et al.*,

                        Defendants.
-------------------------------------------------------------x

**ORDER**

No. 19-CV-7339 (CS)

Seibel, J.

    For the reasons stated on the record today, March 30, 2021, the motions to dismiss of Defendants Schroedel, Giaccio, Sleepy Hollow Local Development Corp. ("SHLDC"), Wray, the Village of Sleepy Hollow, Leavy, Earth Improvements, Inc., and Hudson Valley Management Consulting, LLC ("HVMC"), (Docs. 58, 63, 65), are GRANTED in part. Plaintiffs' first cause of action – their RICO claim against Defendants Schroedel, HVMC, Giaccio, Leavy, Cortese, and Cortese Construction, Inc. – is DISMISSED with prejudice, the Court having ruled that Plaintiffs failed to state a RICO claim against Schroedel, HVMC, Giaccio, and Leavy, and Plaintiffs thereafter having opted to voluntarily dismiss with prejudice their RICO claim against Cortese and Cortese Construction. Plaintiffs' federal antitrust claims under the Sherman Act in their second and third causes of action against Schroedel, HVMC, Giaccio, Leavy, SHLDC, Wray, Cortese, Cortese Construction, and Earth Improvements are DISMISSED with prejudice, the Court having ruled that Plaintiffs failed to allege a sufficient nexus to interstate commerce, and Plaintiffs thereafter having opted to voluntarily dismiss with prejudice their Sherman Act claims against Cortese and Cortese Construction.

The remaining causes of action – the state antitrust claims under the Donnelly Act in the second and third causes of action, the tortious interference with business relations claim in the fourth cause of action, the tortious interference with contract claims in the fifth and sixth causes of action, and the injunctive relief claim in the seventh cause of action – all arise under state law. The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal law claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). As Plaintiffs' federal claims have been dismissed, and considering the factors set forth in *Cohill*, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367(c). The state law claims are DISMISSED without prejudice and, accordingly, the motion to dismiss of Defendant McGovern, (Doc. 55), is DENIED as moot.

The Clerk of Court is respectfully directed to terminate the pending motions, (Docs. 55, 58, 63, 65), and close the case.

**SO ORDERED.**

Dated: March 30, 2021
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.